# UNITED STATES DISTRICT COURT

District of Nevada

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| LINDA LIVOLSI | Case Number: 2:10-cr-00578-APG-GWF-1 |
| a.k.a. Linda G. Findley, a.k.a. Linda Grogg | USM Number: 11528-062 |
| Date of Original Judgment: April 21, 2015 | Monique Kirtley, AFPD |
| (Or Date of Last Amended Judgment) | Defendant's Attorney |

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☑ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

☑ pleaded guilty to count(s) 2 and 4 of the Superseding Indictment
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1342 and 2 | Wire Fraud and Aiding and Abetting | 2010 | 2 |
| 26 U.S.C. § 7206(1) | False and Fraudulent Tax Returns | 12/30/2007 | 4 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☑ Count(s) all remaining ☐ is ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

April 21, 2015
Date of Imposition of Judgment

_[signature]_
Signature of Judge

ANDREW P. GORDON, UNITED STATES DISTRICT JUDGE
Name of Judge                    Title of Judge

June 11, 2015
Date

AO 245C (Rev. 09/08) Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment (NOTE: Identify Changes with Asterisks (*))

Case 2:10-cr-00578-APG-GWF Document 206 Filed 06/11/15 Page 2 of 9

Judgment — Page 2 of 6

DEFENDANT: LINDA LIVOLSI
CASE NUMBER: 2:10-cr-00578-APG-GWF - 1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of

Forty-Five (45) Months, as to Count 2; Thirty-Six (36) Months as to Count 4, each count to run concurrent, one with the other.

☑ The court makes the following recommendations to the Bureau of Prisons:

Due to the proximity of family, the Court recommends the defendant be permitted to serve her term of incarceration close to Tulsa, Oklahoma.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m ☐ p.m. on _____ .
  ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☑ before 2 p.m. on July 24, 2015 .
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release
Case 2:10-cr-00578-APG-GWF   Document 206   Filed 06/11/15   Page 3 of 9
(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: LINDA LIVOLSI
CASE NUMBER: 2:10-cr-00578-APG-GWF - 1

Judgment—Page 3 of 6

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of

Three (3) Years per Count 2 and 4, each count to run concurrent, one with the other.

      The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

      If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

AO 245C     (Rev. 09/11) Amended Judgment in a Criminal Case
            Sheet 3C — Supervised Release                                        (NOTE: Identify Changes with Asterisks (*))

Judgment—Page 4 of 6

DEFENDANT: LINDA LIVOLSI
CASE NUMBER: 2:10-cr-00578-APG-GWF -1

## SPECIAL CONDITIONS OF SUPERVISION

1. Mental Health Treatment - You shall participate in and successfully complete a mental health treatment program, which may include testing, evaluation, and/or outpatient counseling, as approved and directed by the probation office. You shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants while participating in mental health treatment. Further, you shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation office based upon your ability to pay.

2. Debt Obligations - You shall be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of the probation officer.

3. Internal Revenue Service Compliance - You shall cooperate and arrange with the Internal Revenue Service to pay all past and present taxes, interest, and penalties owed. You shall file timely, accurate, and lawful income tax returns and show proof of same to the probation officer.

4. Access to Financial Information - You shall provide the probation officer access to any requested financial information, including personal income tax returns, authorization for release of credit information, and any other business financial information in which you have a control or interest.

5. Warrantless Search - You shall submit your person, property, residence, place of business and vehicle under your control to a search, conducted by the United States probation officer or any authorized person under the immediate and personal supervision of the probation officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision; failure to submit to a search may be grounds for revocation; the defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition.

6. Possession of Weapons - You shall not possess, have under your control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state, or local law.

7. Home Confinement with Location Monitoring - You shall be confined to home confinement with location monitoring, if available, for a period of nine months. The Court waived the costs of location monitoring services.
Note: A written copy of the conditions of release was provided to the Defendant by the Probation Officer in open Court at the time of sentencing.

ACKNOWLEDGEMENT


Upon finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision. These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____          _____
            Defendant                                                    Date


          _____         _____
            U.S. Probation/Designated Witness                           Date

Case 2:10-cr-00578-APG-GWF Document 206 Filed 06/11/15 Page 5 of 9

AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties  (NOTE: Identify Changes with Asterisks (*))

Judgment — Page 5 of 6

DEFENDANT: LINDA LIVOLSI
CASE NUMBER: 2:10-cr-00578-APG-GWF - 1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 200.00 | $ Waived | $ 6,124,436.00 |

☐ The determination of restitution is deferred until _____. An **Amended Judgment in a Criminal Case** (AO 245C) will be entered after such determination.

☑ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Ellwood Barlett | | $5,015,000.00 | |
| Internal Revenue Service | | $1,109,436.00 | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| TOTALS | $ 0.00 | $ 6,124,436.00 | |

☑ Restitution amount ordered pursuant to plea agreement $ 6,124,436.00

☑ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for ☐ fine ☐ restitution.

☐ the interest requirement for ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C  (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments  (NOTE: Identify Changes with Asterisks (*))

DEFENDANT: LINDA LIVOLSI  Judgment — Page 6 of 6
CASE NUMBER: 2:10-cr-00578-APG-GWF - 1

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☑ Lump sum payment of $ 6,124,636.00 due immediately, balance due

☐ not later than _____ , or
☑ in accordance with ☐ C, ☐ D, ☐ E, or ☑ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:

It is recommended that any unpaid balance shall be paid at a rate of not less than $25.00 per quarter during incarceration and 10% of any gross income earned while not incarcerated, subject to adjustment by the Court based upon ability to pay.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

Total amount of restitution due $6,124,436.00. Of that amount, $5,015,000.00 is joint and several with co-defendant William Livolsi, Jr.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
See attached final order of forfeiture.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

**U.S. v. Linda Livolsi**
**2:10-CR-00578-APG-GWF**
**Restitution List**

| | |
|---|---|
| Ellwood Bartlett | $ 5,015,000.00 |
| Internal Revenue Service<br>Attn: RACS/Misc. Stop 6261 (Restitution)<br>333 West Pershing Avenue<br>Kansas City, MO 64108 | $ 1,109,436.00 |
| **Total Restitution** | **$ 6,124,436.00** |

```
                               ___ FILED        ___ RECEIVED
                               ___ ENTERED      ___ SERVED ON
                                                COUNSEL/PARTIES OF RECORD

                                       APR 2 1 2015

                                    CLERK US DISTRICT COURT
                                      DISTRICT OF NEVADA
                               BY:_____ DEPUTY
```

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 2:10-CR-578-APG-(GWF) |
| LINDA LIVOLSI, aka<br>LINDA G. FINDLEY, aka<br>LINDA GROGG, | ) |
| Defendant. | ) |

## ORDER OF FORFEITURE

This Court found on October 15, 2014, that LINDA LIVOLSI, aka LINDA G. FINDLEY, aka LINDA GROGG, shall pay the criminal forfeiture money judgment of $5,015,000 in United States Currency, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2); Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c); and Title 21, United States Code, Section 853(p). Superseding Criminal Indictment, ECF No. 110, Change of Plea, ECF No. 181; Plea Agreement, ECF No. 182; Order of Forfeiture, ECF No. 183.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States recover from LINDA LIVOLSI, aka LINDA G. FINDLEY, aka LINDA GROGG, the criminal forfeiture money judgment in the amount of $5,015,000 in United States Currency pursuant to Fed. R.

///

///

///

Crim. P. 32.2(b)(4)(A) and (B); Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c); and Title 21, United States Code, Section 853(p).

DATED this \_\_\_ day of _____, 2015.

_____
UNITED STATES DISTRICT JUDGE